### HIGGINBOTHAM, executor, v. CAMPBELL.

The evidence introduced by the plaintiff below, together with that offered and rejected, was wholly insufficient to establish the allegation of habitual insanity on the part of the maker of the deed in question, and this being so, the superior court, acting in the light of the history of the litigation and of the decision of this court in the same case, reported in 87 Ga. 324, did not err in granting a nonsuit and dismissing the action. If any error was committed in rejecting evidence, it was so slight as not to affect the result of the case on its substantial merits.          Judgment affirmed.
August 23, 1892.

Cancellation of deed. Insanity. Evidence. Before Judge MADDOX. Floyd superior court. September term, 1891.

Petition to cancel a deed, on account of insanity of the maker and for fraud and undue influence. The case has been before this court twice. 85 Ga. 638; 87 Ga. 324. It was again tried on October 13th and 14th, 1891, and upon the introduction of the testimony for the plaintiff the court granted a nonsuit. The order states that, in the opinion of the judge, the plaintiff added nothing material to the evidence submitted by him on the former trial in reference to the imbecility or insanity of the complainant, and introduced no proof tending to impeach the deed in controversy at the time of its ex-

ecution. This order is assigned as error, the plaintiff contending that the evidence made a *prima facie* case in his favor under the pleadings and facts ; that there was sufficient evidence to show that before the execution of the deed Lucy Campbell, the maker, was habitually insane, and the burden was upon the defendant to prove her sanity at the time of the execution ; that the proof showed great disparity of mental capacity between her and the defendant, and that he had great influence over her ; that it showed acts of fraud and undue influence towards her on his part at the time of and prior to the signing of the deed, and the burden was cast upon him to show that the transaction was fair and free from fraud and undue or improper influence ; that there was evidence to show maltreatment on his part towards her, as well as threats tending to induce her to execute the deed ; that the evidence showed repeated persuasions on his part to obtain a deed from her, and repeated resistance and denials of the same, that after the deed was signed, when she was informed of its existence she was thrown into mental frenzy, and that there was no money consideration passing from him to her.

The following assignments of error are made touching the rejection of testimony :

Witness Higginbotham stated: " When the subject of this deed was mentioned, she [Lucy Campbell] got kind of flighty, kind of excited." To this defendant's counsel objected on the ground that it was a conclusion of the witness's mind, and insisted that the witness should only state what she did. The court sustained the objection, and directed the witness to state only what she did. Plaintiff assigns error upon this ruling, and says the statement of the witness was not a conclusion of his mind, but was a statement of facts ; and further, if it was a conclusion of the mind, it was based upon facts and was therefore proper evidence.

Higginbotham was asked by plaintiff's counsel, " Could she [Lucy Campbell] describe or did she describe how it took place, or could she tell you how it took place?" Defendant objected to the question, because it was leading and irrelevant. The court held that it was leading, and did not allow the witness to answer. Plaintiff says this was error, for the question was not leading, for that had the witness answered in the affirmative, no material testimony would have been adduced without another question to bring out the testimony sought; it being the purpose of plaintiff's counsel to show that Lucy Campbell's description of the occurrences connected with the signing of the deed, were foreign and different to what did actually occur, and thus show her mental incapacity.

Witness Higginbotham stated: "When I came from dinner she told me she had signed a paper, that they told her, Griffin and Crockett, that it was a paper for her protection. She did not mention a deed any time. When I mentioned later on that she had signed a deed, she said I must be mistaken." Defendant's counsel moved to rule out this testimony as being declarations out of the presence of the defendant and declarations after the deed was made. Plaintiff's counsel only insisted on introducing such testimony as was descriptive of the scenes and circumstances surrounding the signing of the deed. The court in ruling out the testimony said: "I understand this suit was originally commenced by her and then carried on by her executor. I will rule all that out." Plaintiff insists that this ruling was error, for that said testimony was competent, first, as descriptive of the scenes and circumstances surrounding the signing of the deed, second, as a part of the *res gestæ*.

Plaintiff's counsel asked T. B. Higginbotham the question, " Without stating any word that was uttered, state when this thing, that she had signed a deed to

Crockett [defendant], was mentioned to her, what effect did it have on her mind?" Defendant's counsel objected to this question, unless the witness was shown to be an expert. The court sustained the objection, and said: "I can't see, besides, that he has been over that. He has said 'she would sit and pick her fingers and not say anything.'" Plaintiff insists that this question was a proper one, and should have been answered.

Higginbotham was asked by the plaintiff's counsel the question, "When she [Lucy Campbell] found out that it was a deed she had signed, what effect did it have on her actions?" Upon objection by defendant's counsel, the court said: "I don't think that is admissible yet; it may be somewhere in this case." Plaintiff says this ruling of the court was error, for that this testimony should have been allowed at this particular time; and further, it is a fact that the court afterwards, and in the latter part of the plaintiff's testimony, ruled out all evidence offered upon the same subject.

Plaintiff's witness Jane Smith stated: "When I came back from Anniston, Ma [Lucy Campbell] had on an old thin calico dress and thin shoes." Defendant's counsel objected to this testimony, upon the ground that it was not relevant to the issue. The court held that it was not relevant; but plaintiff's counsel insisted that the defendant's answer alleged that he supported and cared for Lucy Campbell, and thus made issue upon that subject, and insisted that it was competent to show acts before and after the deed was signed, to shed light upon defendant's actions and feelings towards Lucy Campbell. The court then stated: "I think when they make out their answer, you can rebut that. I will sustain the objection for the present." Plaintiff insists that this ruling of the court was error.

Plaintiff offered to prove by George S. Brown that he had a conversation with Lucy Campbell a short time before her death, on the subject of the deed made by

her to defendant, without offering to prove any conversation or saying of Lucy Campbell. Plaintiff further offered to prove what effect that conversation and the subject-matter of her having made a deed to defendant had upon her actions, stating that the object of the testimony was to show her mental condition. This testimony, on motion of defendant's counsel, was excluded. Plaintiff says that this was error; that it was competent testimony to throw light upon the mental condition of Lucy Campbell.

Plaintiff's counsel offered to prove by Terrell Duncan that after the making of the deed in question, when the subject of having made this deed was mentioned to Lucy Campbell, she went off into a mental frenzy, and her mind become affected thereby. This testimony was offered to prove her mental condition; no sayings or statements of Lucy Campbell at such times were offered in proof, but merely her actions and effect upon the mind. This testimony, and similar testimony from other witnesses, was rejected. Plaintiff says this was error.

Plaintiff's witness Caleb Jones stated: "She [Lucy Campbell] came there [house of witness] about two o'clock and stayed all night, and she would not go home until I went home with her the next morning. And I met up with Mr. Woods, and he went there and got after Crockett for the way he was treating his mother." To this testimony defendant's counsel objected, and the court sustained the objection. Plaintiff insists that this testimony was competent as a circumstance to show ill treatment on the part of the defendant to his mother, it being the object of the plaintiff to show a series of improper acts, menaces and threats by the defendant to Lucy Campbell, all of which had a tendency to influence her in the signing of the deed.

DEAN & SMITH, for plaintiff.

ALEXANDER & WRIGHT and DABNEY & FOUCHÉ, for defendant.